UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MIGUEL DURAN,                            :    Civil No. 10-4753 (RMB)
                                         :
            Plaintiff,                   :
                                         :    **MEMORANDUM OPINION
       v.                                :    AND ORDER**
                                         :
ATLANTIC COUNTY, et al.,                 :
                                         :
            Defendants.                  :

IT APPEARING THAT:

1. On September 16, 2010, Plaintiff submitted a civil complaint, pursuant to 42 U.S.C. § 1983, and an application to proceed in this matter in forma pauperis. See Docket Entry No. 1. Plaintiff's complaint consisted of 885 (eight hundred eighty five) pages. See Docket Entries Nos. 1, ans 1-1 to 1-11.

2. On September 23, 2010, this Court dismissed the complaint without prejudice on the grounds that a civil complaint must conform to the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure; the Court explained to Plaintiff that the Rule mandates a complaint to be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Docket Entry No. 2, at 1 (citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); cf. McNeil v. United States, 508 U.S. 106, 113 (1993); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (explaining that pleading which represented a "gross departure from the letter and the spirit of Rule 8" in failing to

        contain a short and plain statement of claims struck by District Court); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint numbering fifteen pages and containing eighty-eight paragraphs)).  The Court allotted Plaintiff 30 days to file an amended pleading complying with the Rule.  See id. at 2-3.  To assist Plaintiff in that endeavor, the Court directed the Clerk to provide Plaintiff with a blank civil complaint form to guide his filing of a conforming amended complaint.  See id. at 4.

3.    Plaintiff did not file a short and plain statement, as directed.  Rather, on October 5, 2010, Plaintiff filed a letter, styled as a motion for reconsideration, expressing his displeasure with this Court's refusal to examine hundreds of pages of his submission and demanding this Court's examination of his original pleading that facially violated the requirements of Rule 8.  See Docket Entry No. 7.

4.    On October 15, 2010, the Court denied Plaintiff's motion for reconsideration, observing that the original complaint facially violated Rule 8's requirement for a "short and plain" statement, and directed that Plaintiff submit a short and plain amended complaint.  See Docket Entry No. 8.  In order to facilitate Plaintiff's attempts in that respect, this Court allowed Plaintiff an additional thirty days to prepare such short and plain complaint.  See id.  The Court clarified that Plaintiff did not have to submit any evidentiary material with his amended complaint, because Plaintiff's factual allegations stated in the complaint would be presumed  true for the purposes of this Court's sua sponte dismissal review, and all that was required of Plaintiff was to assert his facts clearly, concisely and truthfully.

   See id. The Clerk delivered the Court's order to Plaintiff by certified mail, return receipt requested. See Docket Entries Nos. 9-10.

5. Two weeks later, Plaintiff submitted his first amended complaint. See Docket Entry No. 11. Shortly thereafter, Plaintiff filed numerous motions seeking injunctive relief, declaratory relief, immediate review of his pleading, an emergency conference, etc. See Docket Entries Nos. 12-15.

6. The Court dismissed Plaintiff's then-pending motions as moot, see Docket Entry No. 21, and turned to Plaintiff's first amended complaint ("AC-I"). The Court noted that the AC-I opened with the list of persons and entities named as defendants in the AC-I; that list took three pages. See id. Docket Entry No. 11, at 2-5. To the degree this Court could read Plaintiff's handwriting,[1] this list consisted of fifty-three individual and/or collective entities. See id. The remainder of the AC-I took 165 pages, comprising 540 paragraphs. See Docket Entries Nos. 11 and 11-1. In light of the foregoing, the Court concluded that the AC-I, as drafted, failed to comply with the already-detailed-by-this-Court Rule 8 requirement for a short and plain pleading. See Docket Entry No. 22. The Court, therefore, dismissed the AC-I without prejudice to Plaintiff's filing of his second amended complaint ("AC-II"). See id. The Court stressed, once again, that Plaintiff's AC-II had to be executed in strict compliance with the following guidance:

 i. Since Plaintiff's AC-I named 53 persons or entities as Defendants, and he might wish to add one more Defendant for the purposes of his AC-II, Plaintiff will be directed to reduce this AC-II to a ***thirty-page pleading***;

---

[1] Plaintiff utilizes script, rather than print, which renders his voluminous submission even harder to comprehend. See generally, Docket Entry No. 11.

      ii.      The first page of this AC-II shall be a ***numerated list*** of all Defendants identified solely by names, without titles; if Plaintiff has a problem fitting all numerated names on one page in one column, he should use two, three, or four columns.

      iii.     Pages 2 to 28, inclusive, of the AC-II ***must*** be filled-up copies the [attached] form:

Id. at 6.

The Court custom-made a form for Plaintiff to complete with regard to each individual defendant; the Court also provided Plaintiff with detailed guidance as to how this form must be completed.  See id. at 6-8.  All Plaintiff had to do was to type or print the information in the attached form.  See id.  Moreover, taking notice of the breadth of Plaintiff's challenges, the Court painstakingly explained to Plaintiff the workings of Rules 18 and 20, stressing to Plaintiff that his challenges had to be transactionally related, and that Plaintiff could name joined defendants only in compliance with the narrow leeway allowed by the Rules.  See id. at The Court's order closed with the following language: "Plaintiff [must] file[] his second amended complaint ***in strict compliance with the directives provided in this Order and utilizing solely copies of the forms expressly provided in this Order***; . . . in the event Plaintiff timely files his second amended complaint ***complying with the requirements of this Order***, then the Court will enter an order directing the Clerk to reopen this matter and will screen the second amended complaint for sua sponte dismissal."  Id. at 15-16.

7.     In response, Plaintiff filed a motion seeking an extension of time to file his second amended complaint.  See Docket Entry No. 30.  The Court granted Plaintiff a 60-day extension, reminding Plaintiff that his AC-II had to be executed in strict compliance with

      the Court's directives, i.e., that the AC-II should be a compilation of forms prepared by the Court and completed by Plaintiff.  See Docket Entry No. 31.

8.     On November 14, 2011, Plaintiff submitted his AC-II.  See Docket Entry No. 34.  The AC-II failed to comply with this Court's directive.  See id.  A numerated list of defendants was not provided.  See id.  Rather, eight "blocks" of different defendants were listed, encompassing, by this time, *sixty-three individual and/or collective entities*.  See id. at 1-2.  These blocks were followed by *three hundred eighty eight* (*388*) paragraphs of accusations that took 57 single-spaced pages and covered a panoply of transactions.  Accord Murakush Caliphate of Amexem Inc. v. New Jersey, _ F. Supp. 3d _, 2011 U.S. Dist. LEXIS 51887, at *69 (D.N.J. May 13, 2011) ("To put the [span] of this record in perspective, it is much like [Plaintiff's] version of Leo Tolstoy's 'War and Peace'") (quoting Mann v. GTCR Golder Rauner, L.L.C., 483 F. Supp. 2d 884, 891 (D. Ariz. 2007)).  In sum, Plaintiff's AC-II facially failed to comply with this Court's directive to produce a short and plain pleading meeting Rule 8, 18 and 20 requirements.  The Court, however, finds it prudent to allow Plaintiff *one more* opportunity to plead his claims:

DEFENDANT'S NAME / TITLE: _____

APPROXIMATE DATE OF DEFENDANT'S WRONGFUL ACTS: _____

**PERSONAL** ACTS BY DEFENDANT THAT VIOLATED PLAINTIFF'S RIGHTS WERE:

_____

_____

_____

_____

PLAINTIFF SEEKS THE FOLLOWING COMPENSATORY DAMAGES: _____

PLAINTIFF SEEKS THE FOLLOWING PUNITIVE DAMAGES: _____

PLAINTIFF SEEKS THE FOLLOWING INJUNCTIVE RELIEF: _____

PLAINTIFF SEEKS THE FOLLOWING DECLARATORY RELIEF: _____

PLAINTIFF'S SIGNATURE: _____

DATE: _____

IT IS THEREFORE on this **28th** day of **November 2011**,

**ORDERED** that the Clerk shall reopen this matter for the Court's consideration of Plaintiff's second amended complaint, Docket Entry No. 34, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Plaintiff's second amended complaint, Docket Entry No. 34, is dismissed for failure to comply with the requirements of Rules 8, 18 and 20.  Such dismissal is without prejudice to Plaintiff's filing of his third amended complaint ("AC-III") **WHICH MUST COMPLY WITH THE ABOVE-STATED RULES, AND WHICH MUST**

**CONSIST OF ONLY: (a) A NUMERATED LIST OF ALL DEFENDANTS; AND (b) A COMPILATION OF THE ABOVE-PROVIDED FORMS, WHERE ONE COPY OF THE FORM IS COMPLETED BY PLAINTIFF WITH REGARD TO EACH DEFENDANT**; and it is further

**ORDERED** that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely.  See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that Plaintiff may have this case reopened if, within 60 days of the date of the entry of this Order, Plaintiff files his third amended complaint **IN STRICT COMPLIANCE WITH THE DIRECTIVES PROVIDED IN THIS ORDER AND UTILIZING SOLELY COPIES OF THE FORMS EXPRESSLY PROVIDED IN THIS ORDER**; and it is further

**ORDERED** that, in the event Plaintiff timely files his third amended complaint **STRICTLY COMPLYING WITH THE REQUIREMENTS OF THIS ORDER**, then the Court will enter an order directing the Clerk to reopen this matter and will screen such third amended complaint for sua sponte dismissal; and it is further

**ORDERED** that, in the event Plaintiff fails to comply with the requirements set forth in this Order, Plaintiff's third amended complaint might be DISMISSED WITH PREJUDICE, and

the Court might consider imposing sanctions against Plaintiff, if warranted, since Plaintiff's AC-III, if filed, would represent his fourth attempt at pleading his claims and would be executed upon Plaintiff obtaining this Court's three rounds of guidance as to how his pleading should be executed; and it is finally

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by certified mail, return receipt requested.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**
