UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MIGUEL DURAN, | Civil No. 10-4753 (RMB) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION AND ORDER** |
| ATLANTIC COUNTY, et al., |  |
| Defendants. |  |

IT APPEARING THAT:

1. On September 16, 2010, Plaintiff submitted a civil complaint, pursuant to 42 U.S.C. § 1983, and an application to proceed in this matter in forma pauperis. See Docket Entry No. 1. Plaintiff's complaint consisted of 885 (eight hundred eighty five) pages. See Docket Entries Nos. 1, ans 1-1 to 1-11.

2. On September 23, 2010, this Court dismissed the complaint without prejudice on the grounds that a civil complaint must conform to the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure; the Court explained to Plaintiff that the Rule mandates a complaint to be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Docket Entry No. 2, at 1 (citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); cf. McNeil v. United States, 508 U.S. 106, 113 (1993); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (explaining that pleading which represented a "gross departure from the letter and the spirit of Rule 8" in failing to

      contain a short and plain statement of claims struck by District Court); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint numbering fifteen pages and containing eighty-eight paragraphs)).  The Court allotted Plaintiff 30 days to file an amended pleading complying with the Rule.  See id. at 2-3.  To assist Plaintiff in that endeavor, the Court directed the Clerk to provide Plaintiff with a blank civil complaint form to guide his filing of a conforming amended complaint.  See id. at 4.

3. Plaintiff did not file a short and plain statement, as directed.  Rather, on October 5, 2010, Plaintiff filed a letter, styled as a motion for reconsideration, expressing his displeasure with this Court's refusal to examine hundreds of pages of his submission and demanding this Court's examination of his original pleading that facially violated the requirements of Rule 8.  See Docket Entry No. 7.

4. On October 15, the Court denied Plaintiff's motion for reconsideration,  observing that the original complaint facially violated Rule 8's requirement for "short and plain" statement, and that Plaintiff had to submit a  short and plain amended complaint.  See Docket Entry No. 8.  In order to facilitate Plaintiff's attempts in that respect, this Court allowed Plaintiff an additional thirty days to prepare such short and plain complaint.  See id.  The Court clarified that Plaintiff did not have to submit any evidentiary material with his amended complaint because Plaintiff's factual allegations stated in the complaint would be presumed  true for the purposes of this Court's sua sponte dismissal review, and all that was required of Plaintiff was to assert his facts clearly, concisely and truthfully.

See id. The Clerk delivered the Court's order to Plaintiff by certified mail, return receipt requested. See Docket Entries Nos. 9-10.

5. Two weeks later, Plaintiff submitted his first amended complaint. See Docket Entry No. 11. Shortly thereafter, Plaintiff filed numerous motions seeking injunctive relief, declaratory relief, immediate review of his pleading, emergency conference, etc. See Docket Entries Nos. 12-15.

6. The Court dismissed Plaintiff's then-pending motions as moot, see Docket Entry No. 21, and turned to Plaintiff's first amended complaint ("AC-I"). The Court noted that the AC-I opened with the list of persons and entities named as defendants in the AC-I; that list took three pages. See id. Docket Entry No. 11, at 2-5. To the degree this Court could read Plaintiff's handwriting,[1] this list was composed of fifty-three individual and/or collective entities. See id. The remainder of the AC-I took 165 pages, being composed of 540 paragraphs. See Docket Entries Nos. 11 and 11-1. In light of the foregoing, the Court concluded that the AC-I, as drafted, failed to comply with the Court's ruling regarding Rule 8's requirement for short and plain pleading. See Docket Entry No. 22. The Court, therefore, dismissed the AC-I without prejudice to Plaintiff's filing of his second amended complaint ("AC-II"). See id. The Court stressed, once again, that Plaintiff's AC-II had to be executed in strict compliance with the following guidance:

i. Since Plaintiff's AC-I named 53 persons or entities as Defendants, and he might wish to add one more Defendant for the purposes of his AC-II, Plaintiff will be directed to reduce this AC-II to a **thirty-page pleading**;

---

[1] Plaintiff utilizes script, rather than print, which renders his voluminous submission even harder to comprehend. See generally, Docket Entry No. 11.

    ii.    The first page of this AC-II shall be a **numerated list** of all Defendants identified solely by names, without titles; if Plaintiff has a problem fitting all numerated names on one page in one column, he should use two, three, or four columns.

    iii.    Pages 2 to 28, inclusive, of the AC-II **must** be filled-up copies the [attached] form:

Id. at 6.

The Court custom-made a form for Plaintiff to complete with regard to each individual defendant; the Court also provided Plaintiff with detailed guidance as to how this form must be completed. See id. at 6-8. All Plaintiff had to do was to type or print the information in the attached form. See id. Moreover, taking notice of the breadth of Plaintiff's challenges, the Court painstakingly explained to Plaintiff the workings of Rules 18 and 20, stressing to Plaintiff that his challenges had to be transactionally related, and that Plaintiff could name joined defendants only in compliance with the narrow leeway allowed by the Rules. See id. at The Court's order closed with the following language: "Plaintiff [must] file[] his second amended complaint **in strict compliance with the directives provided in this Order and utilizing solely copies of the forms expressly provided in this Order**; . . . in the event Plaintiff timely files his second amended complaint **complying with the requirements of this Order**, then the Court will enter an order directing the Clerk to reopen this matter and will screen the second amended complaint for sua sponte dismissal." Id. at 15-16.

7.    In response, Plaintiff filed a motion seeking extension of time to file his second amended complaint. See Docket Entry No. 30. The Court granted Plaintiff a 60-day extension, reminding Plaintiff that his AC-II had to be executed in strict compliance with the

        Court's directives, i.e., that the AC-II should be a compilation of forms prepared by the Court and completed by Plaintiff. See Docket Entry No. 31.

8. On November 14, 2011, Plaintiff submitted his AC-II. See Docket Entry No. 34. The AC-II did not comply with this Court's directive. See id. A numerated list of defendants was not provided. See id. Rather, eight "blocks" of different defendants were listed, encompassing, by this time, sixty-three individual and/or collective entities. See id. at 1-2. These blocks were followed by three hundred eighty eight (388) paragraphs of accusations that took 57 single-spaced pages and covered a panoply of transactions. Accord Murakush Caliphate of Amexem Inc. v. New Jersey, _ F. Supp. 3d _, 2011 U.S. Dist. LEXIS 51887, at *69 (D.N.J. May 13, 2011) ("To put the [span] of this record in perspective, it is much like [Plaintiff's] version of Leo Tolstoy's 'War and Peace'") (quoting Mann v. GTCR Golder Rauner, L.L.C., 483 F. Supp. 2d 884, 891 (D. Ariz. 2007)). In sum, Plaintiff's AC-II facially failed to comply with this Court's directive to produce a short and plain pleading meeting Rule 8, 18 and 20 requirements. The Court, however, found it prudent to allow Plaintiff one more opportunity to plead his claims. Therefore, the Court custom-made another, an even simpler complaint form for Plaintiff to fill in and directed Plaintiff to utilize that form in order to prepare Plaintiff's third amended complaint ("AC-III"). See Docket Entry No. 35, at 5-6. The Court's order allowing Plaintiff's filing of his AC-III was entered on November 28, 2011. See id.

9. In response, Plaintiff submitted an application: (a) listing, as its reference, the instant action, as well as Plaintiff's prior actions in this District (namely, Duran v. Warden, Civil Action No. 07-3589 (RMB), and Duran v. Warner, Civil Action No. 07-5994 (JBS)); and

(b) asserting that this Court's determinations – entered in <u>Duran v. Warden</u>, Civil Action No. 07-3589 (RMB), – should be reconsidered.[2] <u>See</u> Docket Entry No. 36. As to this latter aspect, Plaintiff asserted that this Court erred in denying, as moot, Plaintiff's application for preliminary injunctive relief with regard to Plaintiff's allegations about his conditions of confinements at the Atlantic County Justice Facility ("ACJF"). <u>See</u> <u>id.</u> Although Plaintiff conceded that the Court was correct in its finding that Plaintiff was no longer suffering of the alleged conditions due to his release from the ACJF, Plaintiff speculated that: (a) he might be denied bail in his new criminal proceedings; (b) he might be ordered to be placed in State custody upon such denial of bail; (c) he might be placed at the ACJF; (d) he might be subjected to retaliation by the ACJF staff; (e) he might have limited access to the ACJF law library, and such limited access might reach a level of constitutional deprivation, etc. <u>See</u> <u>id.</u> Plaintiff, therefore, requested this Court to revisit, in this action, Plaintiff's mooted application submitted in <u>Duran v. Warden</u>, Civil Action No. 07-3589 (RMB), on the grounds that these hypothetical developments might take place. <u>See</u> Docket Entry No. 36. Specifically, Plaintiff asked this Court to: (a) bar the state courts from denying Plaintiff bail and/or from ordering Plaintiff confined; and/or (b) to ensure that, in the event Plaintiff is confined, such confinement would not be at the ACJF, or – if such confinement takes place at the ACJF – the ACJF staff would not

---

[2] Pursuant to Plaintiff's reference, the Clerk docketed Plaintiff's application in the instant matter and, in addition, in <u>Duran v. Warden</u>, Civil Action No. 07-3589 (RMB) (where the application was docketed as docket entry No. 323), and <u>Duran v. Warner</u>, Civil Action No. 07-5994 (JBS) (where the application was docketed as docket entry No. 163).

retaliate against Plaintiff (that is, if they would elect to do so), or that Plaintiff would not be unconstitutionally denied access to law library (that is, if he seeks such access), etc.

10. After executing the above-detailed submissions, Plaintiff also executed a request for extension of time to file his AC-III, see Docket Entry No. 39, and a motion to permanently reopen this matter prior to Plaintiff's submission of his AC-III. See Docket Entry No. 41.

11. To the extent Plaintiff seeks to re-raise, in this action, his challenges already litigated in Duran v. Warden, Civil Action No. 07-3589 (RMB), or in Duran v. Warner, Civil Action No. 07-5994 (JBS), Plaintiff's challenges are misplaced. Plaintiff cannot conflate or duplicate his claims.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

12. To the extent Plaintiff wishes to litigate his speculations about the developments that might take place in the future, Plaintiff's speculations cannot warrant injunctive remedy; indeed, at this juncture, Plaintiff's speculations present unripe claims that merit no relief of any kind. See Salyer Land Co. v. Tulare Lake Basin Water Storage Dist., 410 U.S. 719, 731 (1973) (legal "adjudication cannot rest on any such 'house that Jack built' foundation"); see also Dawson v. Frias, 2010 U.S. Dist. LEXIS 30513 at *8 (D.N.J. Mar.

30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim) (citing Rouse v. Pauliilo, 2006 U.S. Dist. LEXIS 17225 (D.N.J. Apr. 5, 2006) (dismissing speculative claim as to hypothetical future retaliation and citing Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999)); Pilkey v. Lappin, 2006 U.S. Dist. LEXIS 44418, at *45 (D.N.J. June 26, 2006) ("Plaintiffs [anxiety paraphrased as his claim of] fail[s] to state a claim upon which relief may be granted"); Patterson v. Lilley, 2003 U.S. Dist. LEXIS 11097 (S.D.N.Y. June 20, 2003) (defendants could only be found liable to violations ensuing from an existing condition, not to a speculative future injury).

13. To the extent Plaintiff has any new claims that have ripened, Plaintiff enjoys an ample opportunity to assert these claims in his AC-III, which is to be filed in the instant action (or, in the event the factual predicates underlying these newly ripened claims fall outside the line of transactionally related challenges to be asserted in the AC-III, Plaintiff may commence a new and separate action in order to pursue his newly ripened claims).

14. To the extent Plaintiff seeks additional time to execute his AC-III, this Court finds that one last short extension would be warranted and, therefore, will grant him thirty days from the date of entry of this Memorandum Opinion and Order to file his AC-III.[3]

---

[3] The Court stresses that Plaintiff's AC-III shall be clear, concise and executed in a legible hand-writing. Noting that Plaintiff's hand-writing is often hard to understand, the Court – being mindful of Plaintiff's circumstances and recognizing that Plaintiff might be unable to type his AC-III – strongly urges Plaintiff to carefully hand-print his AC-III.

15. To the extent Plaintiff seeks permanent reopening of this matter prior to his submission of the AC-III, such administrative action appears facially futile and/or premature. The Clerk will be directed to reopen this matter if Plaintiff's AC-III is duly received.

IT IS THEREFORE on this **16th** day of **August** **2012**,

**ORDERED** that the Clerk shall reopen this matter for the Court's consideration of Plaintiff's applications, Docket Entries Nos. 36, 39 and 41, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Plaintiff's application docketed as Docket Entry No. 36 is denied. Such denial is without prejudice to Plaintiff's assertion of his new challenges, provided that such challenges have ripened, in Plaintiff's third amended complaint, which is to be filed in this matter, or – if such newly ripened claims cannot be raised in Plaintiff's third amended complaint due to the workings of Rules 18 and 20 – such denial is without prejudice to Plaintiff's assertion of his new challenges in a new and separate legal action; and it is further

**ORDERED** that Plaintiff's application docketed as Docket Entry No. 39 is granted, and Plaintiff may file his third amended complaint within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that Plaintiff's application docketed as Docket Entry No. 41 is denied as facially premature at this juncture; and it is further

**ORDERED** that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that no statement made in this Memorandum Opinion and Order shall be construed as altering this Court's prior determination, docketed in this matter as Docket Entry

No. 35, and Plaintiff's obligation to execute his third amended complaint in strict compliance with the Court's directive, as detailed therein, shall remain in full force; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in <u>Duran v. Warden</u>, Civil Action No. 07-3589 (RMB), accompanying such docket entry with the docket text reading, "APPLICATION MADE IN DOCKET ENTRY No. 323 IS DENIED.  SUCH DENIAL IS WITHOUT PREJUDICE TO RAISING PLAINTIFF'S RIPE CHALLENGES IN CIVIL ACTION No. 10-4753 OR IN A NEW AND SEPARATE CIVIL ACTION"; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in <u>Duran v. Warner</u>, Civil Action No. 07-5994 (JBS), accompanying such docket entry with the docket text reading, "DOCKETED FOR INFORMATIONAL PURPOSES ONLY WITH REGARD TO THE APPLICATION MADE IN DOCKET ENTRY No. 163"; and it is finally

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail.

                               s/Renée Marie Bumb
                               **Renée Marie Bumb**
                               **United States District Judge**